**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES L. TATE, JR.,**

    **Plaintiff,**

vs.                                                 **Case No. 4:10cv208-WS/WCS**

**PAUL HAWKES, et al.,**

    **Defendants.**

                                    /

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* state prisoner, has filed a third amended complaint, doc. 19, and a memorandum of law, doc. 20. Plaintiff has shortened this version of the complaint to 36 pages, from the 55-page second amended complaint. However, Plaintiff's allegations are not "short and plain" nor does Plaintiff show he is "entitled to relief." FED. R. CIV. P. 8(a)(2), *quoted in* Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 1634, 171 L.Ed.2d 577 (2005).

Plaintiff indicates he seeks monetary damages in this civil rights action, but he also includes statements indicating he seeks and is entitled to "immediate release" from prison. *See* doc. 19, pp. 3, 15-16, and 19. Plaintiff has previously been advised that a civil rights action may not be used to seek release from prison. There are "two broad

categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)(holding that challenge to lethal injection procedures may be brought in § 1983 action). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). Where a litigant is not challenging the fact or duration of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief. *See* Porter v. Nussle, 122 S.Ct. 983, 989, 122 S.Ct. 983, 990, 152 L.Ed.2d 12 (2002), *citing* McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). A prisoner may not seek to reduce a period of confinement through a civil rights action. Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; Heck, 114 S. Ct. at 2372. Plaintiff is seeking release from prison and collaterally challenge his criminal conviction, which occurred in 1993. Doc. 19, p. 10. Plaintiff was sentenced to life on July 15, 1993, and claims the trial court did not have jurisdiction over his crime to sentence him to life. *Id.* Plaintiff may not collaterally attack his conviction through this civil rights action.

      Furthermore, Plaintiff is suing several judges in this case. The absolute immunity of a defendant is one of a number of grounds which justifies dismissal under § 1915(d). Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990) and cases cited. If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear

absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). Despite Plaintiff's conclusory argument that the judges did not have jurisdiction over his case, Plaintiff has provided no facts to support that claim. It appears from this record that Plaintiff was charged in state court, convicted in state court, and the judges were acting in their judicial capacity in presiding over Plaintiff's criminal trial and subsequent appeals. Plaintiff's claims cannot proceed against any judge named as a Defendant in this case. *See* Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996), *citing* Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

While Plaintiff contends that Defendants have unlawfully denied Plaintiff his First Amendment right of access to the Courts, doc. 19, p. 21, it appears rather that Plaintiff had access to the courts, but his cases have not been successful. That is not a First Amendment violation. Access does not include a guarantee of success.

**RECOMMENDATION**

Accordingly, it is **RECOMMENDED** that Plaintiff's third amended civil rights complaint, doc. 19, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and because Plaintiff seeks monetary relief against numerous Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), that the order adopting this report and recommendation

direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 23, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**